**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

TIMOTHY CONLEY

        v.                                    C.A. No. 14-288-ML

COMPETITIVE TECHNOLOGIES, INC;
CONRAD MIR; and CARL O'CONNELL;


**ORDER**

    This matter is before the Court on review of a Report and
Recommendation ("R&R") issued by Magistrate Judge Sullivan on
November 21, 2016 (ECF No. 46). The Defendants have filed a timely
objection to the R&R; accordingly, the Court reviews *de novo* those
portions of the R&R to which an objection has been made. See Fed.
R. Civ. P. 72(b). The Court has thoroughly reviewed and considered
the complaint (ECF No. 1), the parties' motion papers (ECF Nos. 35-
39, 41-45),  the R&R, the Defendants' objection thereto (ECF No.
47), and the Plaintiff's response (ECF No. 48). Having done so, the
Court now adopts the R&R in its entirety. Accordingly, the
Defendants' motion to vacate the default (ECF No. 36) is DENIED,
with prejudice, as to liability and GRANTED as to the amount of
damages. The Plaintiff's motion to voluntarily dismiss the
individual Defendants is DENIED without prejudice.

## I. Factual Background and Procedural Summary

    On June 23, 2014, Plaintiff Timothy Conley ("Conley") brought
claims for Breach of Contract (Count I), *quantum meruit* (Count II),

and Intentional Interference with a Business Contract (Count III) against Defendants Competitive Technologies, Inc. ("CTI")[1], CTI CEO and Director Carl O'Donnell ("O'Donnell"), and CTI CEO and President Conrad Mir ("Mir"). Complaint (ECF No. 1).

Conley's claims were based on a letter agreement (the "Agreement") signed  on May 1, 2012 by Conley and then CTI CEO Johnnie D. Johnson (ECF No. 1-2)[2]. The Agreement was set for a term of twenty-four months and subject to automatic renewal unless terminated by written notice after the first twelve months. Agreement ¶1. It called for Conley to provide services to CTI in connection with a medical device; Conley was to be compensated for his services with a fixed fee as well as a commission for completed sales of the device. Agreement ¶¶2-4.

According to the Complaint, Conley provided all services pursuant to the Agreement but was not compensated accordingly. Complaint ¶¶19, 20. With respect to O'Connell and Mir, Conley alleged that they "intentionally and maliciously directed management to stop making payments" due to Conley under the Agreement. Complaint ¶¶36, 38. On its part, CTI denied the allegations and it offered the unsupported assertion that the

---

[1] CTI changed its name to Calmare Therapeutics on August 14, 2014 (ECF No. 23).

[2] O'Connell became CEO on November 1, 2012 and Mir became CEO on October 4, 2013.

Agreement was entered into "*ultra vires*." Answer 5 ¶2 (ECF No. 7).

Initially, Conley experienced some difficulties in pursuing the litigation when his counsel simply abandoned the case. CTI filed a motion to default, but then dropped the matter after Conley obtained new counsel and began to engage in the discovery process.

Five months later, on December 28, 2015, Defendants' counsel moved to withdraw on the grounds that Defendants were not paying their legal bills and were unresponsive to counsel's communications. Motion to Withdraw 1 (ECF No. 22). As set forth in counsel's motion, Defendants were properly advised of the motion to withdraw. Simultaneously, CTI's counsel also filed a motion to extend discovery deadlines (ECF No. 23). In response to counsel's motion to withdraw, Magistrate Judge Sullivan entered an order on January 22, 2016 (ECF 24). In the order, she noted that an objection to counsel's motion had been due January 14, 2016 and that no objection had been received, nor had substitute counsel entered an appearance for the Defendants. Notwithstanding the lack of an objection or entry of appearance, Magistrate Judge Sullivan only provisionally granted counsel's motion to withdraw as of March 23, 2016, finding that counsel had complied with the requirements of the Rules of Professional Conduct and the Local Rules of this Court. She also  extended the time for Defendants to object to the motion to withdraw to March 7, 2016. The Order specifically noted "the potential for serious consequences for the individual

3

Defendants, if they do not either enter and defend the case pro se or retain successor counsel, and the substantial likelihood of default for the corporate Defendant, if it does not retain successor counsel." Order at 2 (emphasis added). To provide the Defendants with further notice of the consequences of failing to comply with the March 7, 2016 deadline, Magistrate Judge Sullivan required Defendants' counsel to provide additional notice to all Defendants, such notice to include specific warnings, in bold lettering, that they "**are at risk that judgment of default will be entered against them.**" Order at 3, 4. In compliance with the January 22, 2016 order, Defendants' counsel filed a certification of compliance on February 3, 2016, detailing that he had provided the requisite notice to both the individual Defendants and to CTI (ECF No. 25).

On February 5, 2016, Conley filed a motion to compel answers to interrogatories (ECF No. 26-1), which had first been submitted to CTI in July 2015, but had been ignored thus far (ECF No. 26). On February 15, 2016, while Defendants' counsel's motion to withdraw was pending, Defendants' counsel properly filed a motion for an extension of time to file a response to Conley's motion to compel (ECF No.27). Magistrate Judge Sullivan granted Defendants' motion to extend the deadline on February 16, 2016. She again directed Defendants' counsel to advise Defendants of the legal significance of failing to file a timely objection (due on March 22, 2016).

4

02/16/2016 text order. As before, Defendants' counsel filed a certification of compliance with the February 16, 2016 order on February 22, 2016 (ECF No. 28).

After no communication of any kind was received from the Defendants in response to any of the foregoing, Magistrate Judge Sullivan granted Defendants' counsel's motion to withdraw on March 23, 2016. 03/23/2016 Text Order. On March 25, 2016, she also granted Plaintiff's motion to compel (in the absence of an objection) and she ordered CTI to respond to Plaintiff's first set of interrogatories within thirty days. 03/25/2016 Text Order. On March 29, 2016, Defendants' counsel filed a further certification, confirming that he had notified his former clients of the March 23, 2016 text order. The certificate specified that the individual Defendants had been notified by mail directed to what appears to be their residential addresses and via e-mail. CTI had been notified by mail to Mir's attention at CTI's corporate offices and to CTI's Secretary at the same address, as well as via e-mail to Mir's CTI e-mail account (ECF No. 29).

On April 4, 2016, Conley filed a motion for entry of default against CTI (ECF No. 30).[3] Notwithstanding Defendants' complete

---

[3]

As noted in the R&R, Conley conceded that he served the motion for entry of default only by electronic filing. Because Defendants had not complied with the Court's January 22, 2016 order, only CTI's mailing address was on the docket, the individual Defendants' addresses not having been provided. R&R at 6.

disregard for any of the preceding orders, Magistrate Judge Sullivan waited yet another month before granting Conley's motion. 05/05/2016 Text order. Again, no objection or other communication was received from any of the Defendants.

On June 21, 2016, Conley filed a motion for entry of final judgment (ECF No. 31). On June 22, 2016, the same day on which this Court granted Conley's motion, three new counsel for Defendants entered their appearances (ECF Nos. 32, 33, 34). On June 24, 2016, Conley filed for voluntary dismissal of Mir and O'Connell, "conditioned upon entry of Judgment by the Court against [CTI]" (ECF No. 35), to which Defendants filed an objection (ECF NO. 37).

On June 30, 2016, CTI filed a motion to vacate the default on the grounds that (1) the default was "not willful but rather a result of financial constraints and plaintiff's failure to provide notice;" (2) setting aside the default would cause no prejudice since discovery was not completed; (3) meritorious affirmative defenses were asserted in the answer; and (4) "defendants acted in good faith throughout these proceedings." Defs.' Mem. (ECF 36-1). Subsequently, Conley filed a timely response to the Defendants' motion (ECF No. 38), to which Defendants filed a reply (ECF No. 39), prompting Conley to file (with the Court's permission) a sur-reply (ECF No. 41).

After the Magistrate Judge conducted a hearing on Defendants' motion to vacate the default on September 15, 2016, the parties

were given another opportunity to submit affidavits and additional memoranda. Conley filed a memorandum on October 13, 2016 (ECF No. 42) and Defendants filed a memorandum on October 21, 2016 (ECF 44). Conley filed a further reply on October 27, 2016, in which he noted that, notwithstanding CTI's counsel's representation at the September 15, 2016 hearing that CTI would be compliant with the Court's order, discovery had still not been provided (ECF No. 45).

On November 21, 2016, Magistrate Judge Sullivan issued a detailed and carefully reasoned 18-page R&R in which she set forth the combined efforts by the Court, Plaintiff, and CTI's former counsel to keep Defendants informed of ongoing proceedings and to move the litigation forward.

In their objection to the R&R, filed on December 8, 2016, the Defendants suggest that (1) the R&R "creates inconsistent results between defendants;" and that (2) Defendants met the standard to vacate pursuant to Rule 55 of the Rules of Civil Procedure. With respect to the latter, Defendants assert that their conduct was not willful and that, even if it were determined to be willful, the motion to vacate should be granted. They also maintain that the Agreement was entered into by a person acting without proper authority and, therefore, it was void under the doctrine of *ultra vires*. Conley's response (ECF No. 48) points out, *inter alia*, that CTI disregarded this Court's explicit orders and did not obtain new counsel until the day after Conley moved for entry of final

7

judgment, six months after receiving the appropriate notice.

## II. Standard of Review

It is well established that a motion to set aside an entry of default lies within the sound discretion of this Court. Coon v. Grenier, 867 F.2d 73, 75 (1st Cir. 1989 (listing cases). When deciding the motion, the Court considers the "good cause" standard set by Rule 55(c) of the Federal Rules of Civil Procedure. Id. at 75-76 (noting that "[w]hile the exercise of discretion is, of course, bounded by the specific circumstances of each case, the frontier is staked out by the 'good cause' criterion of Fed.R.Civ.P. 55(c)."). The First Circuit has identified no fewer than seven factors a court may consider in a "good cause" analysis:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default].

KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003)(citing McKinnon v. Kwong Wah Restaurant, 83 F.3d 498 (1st Cir.1996)). The burden of demonstrating good cause rests with CTI as the party seeking to set aside the default. Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc., 764 F.2d 928, 938 (1st Cir. 1985).

## III. Discussion

As set forth in this Memorandum and Order, as well as in the Magistrate Judge's detailed R&R, CTI elected, at its peril, to ignore the January 22, 2016 order for many months. The efforts by CTI's former counsel to provide proper notice to his clients and to impress upon them the risk of failing to obtain new counsel or to enter the case *pro se* are well documented. CTI's suggestion, bolstered by the Mir Affidavit, that it never received proper notice of the January 22, 2016 order is entirely unsupported and, in light of CTI's former counsel's certifications, unbelievable. If CTI was encountering any financial difficulty in obtaining new counsel, it could have petitioned the Court accordingly, instead of ignoring the Court's orders and notifications by its own counsel outright. Moreover, even after making a promise in open Court that long overdue discovery would be provided, CTI elected not to deliver. Under those circumstances, the Court is compelled to conclude that CTI's continued disregard of the Magistrate Judge's orders was willful. The timing of CTI's engagement of (three) new counsel, the inconsistencies of the Mir Affidavit with CTI's former counsel's certifications, and the sudden request to vacate the default one day after the motion for entry of final judgment was filed only support that conclusion.

Regarding the question of prejudice to the Plaintiff, the record reflects that the Defendants' conduct has impacted the

9

Plaintiff by delaying the case for more than a year and has forced him to incur additional expense in pursuing this litigation solely because of CTI's refusal to adhere to proper procedure and to follow the Court's explicit directives. As to CTI's ability to raise a <u>meritorious</u> defense, the Court considers (1) the authenticity of the Letter Agreement, which is uncontested; (2) the acknowledgment that Plaintiff did provide certain services under the Letter Agreement; and (3) the lack of any legal or factual support for CTI's suggestion that the Letter Agreement is void under the *ultra vires* doctrine.

In sum, the record reflects the Magistrate Judge's extended patience and careful consideration for CTI, as well as CTI's former counsel's professional and appropriate conduct in seeking withdrawal from the case. On its part, CTI continued to ignore the Court's orders and made no effort to comply with the local rules, nor did CTI attempt to avoid the explicitly described consequences of letting deadlines pass without a response.

For all those reasons, the Court adopts the November 21, 2016 R&R in its entirety. CTI's motion to vacate the default is DENIED with respect to liability and GRANTED with respect to a determination of damages. Plaintiff's motion to voluntarily dismiss

individual   Defendants   Mir   and   O'Connell   is   DENIED   without

prejudice.

SO ORDERED.

/s/ Mary M. Lisi
Senior United States District Judge

January 17, 2017